| Case No. | EDCV 19-1588 PSG (KKx); EDCV 19-1592 PSG (KKx); EDCV 19-1593 PSG (KKx); EDCV 19-1590 PSG (KKx); EDCV 19-1595 PSG (KKx); EDCV 19-1602 PSG (KKx) | Date | December 4, 2019 JS-6 |
|---|---|---|---|
| Title | Romero v. Desert Regional Medical Center; Rafferty v. Desert Regional Medical Center; Miller v. Desert Regional Medical Center; Fontana v. Desert Regional Medical Center; Fernandez v. Desert Regional Medical Center; Shepherd v. Desert Regional Medical Center | | |

Present: The Honorable    Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order GRANTING the motions to remand.

    Before the Court are Renita Romero, Mary Rafferty, Lynn Fontana, Leah Miller, James Fernandez, and Elizabeth Shepherd's ("the nurses") motions to remand. *See* No. EDCV 19-1588, Dkt. # 9 ("*Romero Mot.*"); No. EDCV 19-1592, Dkt. # 12 ("*Rafferty Mot.*"); No. EDCV 19-1593, Dkt. # 9 ("*Miller Mot.*"); No. EDCV 19-1590, Dkt. # 9 ("*Fontana Mot.*"); No. EDCV 19-1595, Dkt. # 9 ("*Fernandez Mot.*"); No. EDCV 19-1602, Dkt. # 9 ("*Shepherd Mot.*"). Defendant Desert Regional Medical Center ("DRMC") opposes. *See* No. EDCV 19-1588, Dkt. # 11 ("*Romero Opp.*"); No. EDCV 19-1592, Dkt. # 21 ("*Rafferty Opp.*"); No. EDCV 19-1593, Dkt. # 11 ("*Miller Opp.*"); No. EDCV 19-1590, Dkt. # 12 ("*Fontana Opp.*"); No. EDCV 19-1595, Dkt. # 15 ("*Fernandez Opp.*"); No. EDCV 19-1602, Dkt. # 16 ("*Shepherd Opp.*"). The nurses have also filed replies. *See* No. EDCV 19-1588, Dkt. # 12 ("*Romero Reply*"); No. EDCV 19-1592, Dkt. # 22 ("*Rafferty Reply*"); No. EDCV 19-1593, Dkt. # 12 ("*Miller Reply*"); No. EDCV 19-1590, Dkt. # 13 ("*Fontana Reply*"); No. EDCV 19-1595, Dkt. # 16 ("*Fernandez Reply*"); No. EDCV 19-1602, Dkt. # 17 ("*Shepherd Reply*"). Because the moving papers are identical, the Court addresses the six motions together in this order. The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **GRANTS** the motions to remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1588 PSG (KKx); EDCV 19-1592 PSG (KKx); EDCV 19-1593 PSG (KKx); EDCV 19-1590 PSG (KKx); EDCV 19-1595 PSG (KKx); EDCV 19-1602 PSG (KKx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | Romero v. Desert Regional Medical Center; Rafferty v. Desert Regional Medical Center; Miller v. Desert Regional Medical Center; Fontana v. Desert Regional Medical Center; Fernandez v. Desert Regional Medical Center; Shepherd v. Desert Regional Medical Center | | |

I.  Background

This case involves wage and hour claims under California law.[1] *See Romero Mot.* 4:16–18. The nurses worked in the Neonatal Intensive Care Unit at DRMC. *See Romero Opp.* 8:9–11. They were employed pursuant to a collective bargaining agreement. *See id.* In July 2016, the nurses filed separate wage claims with the California Labor Commissioner seeking meal and rest period premiums, as well as waiting time penalties. *See Romero Mot.* 4:16–18. In February and March of 2019, they attended individual administrative hearings and received awards of lost wages. *See id.* 4:20–23. DRMC then filed a de novo appeal of the administrative award in August 2019 in Riverside Superior Court. *See id.* 4:23–27.

After DRMC filed this action in state court, it then removed the action to this Court, asserting federal question jurisdiction under the Labor Management Relations Act ("LMRA"). *See generally* No. EDCV 19-1588, Dkt. #1 ("*Romero NOR*"). The nurses now move to remand. *See generally Romero Mot.*

II.  Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034

---

[1] Because the allegations and arguments made in the complaints and briefs are identical, the Court cites only to the Romero briefs moving forward, unless stated otherwise.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1588 PSG (KKx); EDCV 19-1592 PSG (KKx); EDCV 19-1593 PSG (KKx); EDCV 19-1590 PSG (KKx); EDCV 19-1595 PSG (KKx); EDCV 19-1602 PSG (KKx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | Romero v. Desert Regional Medical Center; Rafferty v. Desert Regional Medical Center; Miller v. Desert Regional Medical Center; Fontana v. Desert Regional Medical Center; Fernandez v. Desert Regional Medical Center; Shepherd v. Desert Regional Medical Center | | |

(9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

    III.    <u>Discussion</u>

The nurses make two arguments as to why remand is proper. First, they contend that DRMC, as the plaintiff in the state court action, improperly removed the case to this Court. *See Romero Mot.* 5–8. Second, they argue that the LMRA does not preempt their claims, and thus federal question jurisdiction does not exist. *See Mot.* 9–14. Because the Court agrees with the nurses' first argument, it does not address their second.

As stated above, § 1441(a) provides that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant* or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). "The right to remove a state court case to federal court is clearly limited to defendants." *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) (citing 28 U.S.C. § 1441).

In this case, DRMC filed a de novo review of the California Labor Commissioner's awards in Riverside Superior Court. *See Romero NOR* ¶ 3. This de novo review is a "civil action" under federal law. *See BNSF Ry. Co. v. O'Dea*, 572 F.3d 785, 790 (9th Cir. 2009). According to DRMC, this Court has federal question jurisdiction under the LMRA. *See Romero NOR* ¶ 4; *Romero Opp.* 15–20. As master of its complaint, DRMC must abide by its choice of forum. *See Am. Int'l Underwriters*, 843 F.2d at 1261. Taking DRMC's claim of federal jurisdiction as true, it forfeited its right to a federal forum when it did not initially file its claim in federal court. *See id.* "Having elected state court, [DRMC] should be bound by its choice absent compelling reasons to seek relief in another forum." *See id.* at 1259.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | EDCV 19-1588 PSG (KKx); EDCV 19-1592 PSG (KKx); EDCV 19-1593 PSG (KKx); EDCV 19-1590 PSG (KKx); EDCV 19-1595 PSG (KKx); EDCV 19-1602 PSG (KKx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | Romero v. Desert Regional Medical Center; Rafferty v. Desert Regional Medical Center; Miller v. Desert Regional Medical Center; Fontana v. Desert Regional Medical Center; Fernandez v. Desert Regional Medical Center; Shepherd v. Desert Regional Medical Center | | |

DRMC asserts that it is the defendant in this case, and thus can remove, because it did not initiate the California Labor Commission action against it. *See Romero Opp.* 11:9–18. The Court does not agree. The Court finds persuasive the reasoning of other courts within this District that have held "the plaintiff is the party who first invokes the aid of a court." *See, e.g.*, *Gaitan v. XPO Cartage, Inc.*, No. CV 17-3913 SJO (ASx), 2017 WL 3136442, at *2 (C.D. Cal. July 24, 2017) (quoting *Oppenheimer & Co., Inc. v. Neidhardt*, 56 F.3d 352, 356 (2d Cir. 1995)). Here, DRMC is the plaintiff under § 1441 because it "invoked the aid of a court" when it filed this case in Riverside Superior Court. *See id.*; *Romero NOR* ¶ 3. DRMC chose where to "invoke the aid," and decided on state court. *See Oppenheimer*, 56 F.3d at 365. "[B]y [its] own affirmative and voluntary act, [DRMC] chose the jurisdiction of the state court," and thus cannot now avail itself of the removal statute. *See id.*

In addition, the Court disagrees with DRMC that Cal. Lab. Code § 98.2 compelled it to initially file its appeal in state court. *See Romero Opp.* 14:12–15:8. Under Cal. Lab. Code § 98.2(a), "[w]ithin 10 days after service of notice of an order, decision, or award the parties may seek review by filing an appeal to the superior court, where the appeal shall be heard de novo." Cal. Lab. Code § 98.2(a). Contrary to what DRMC suggests, the statute's use of the word "may" indicates that an appealing party need not exclusively file in state court. *See Romero Opp.* 14:12–15:8. Moreover, this argument fails because if § 98.2 compelled parties to file in state court, it would supersede the federal removal statute as well, preventing DRMC from removing this case. By overriding the federal removal statute, this construction of § 98.2 would violate the Supremacy Clause. *See Hillsborough Cnty., Fla. v. Automated Med. Labs., Inc.* 471 U.S. 707, 713 (1985) (The Supremacy Clause "invalidates state laws that interfere with, or are contrary to, federal law"). Ultimately, the Court agrees with other courts within this District that § 98.2 does not prevent a party from filing a de novo appeal in a federal court, provided that the court has original jurisdiction. *See, e.g.*, *Gaitan*, 2017 WL 3136442, at *3.

Accordingly, the Court finds that remand is proper because DRMC forfeited its right to a federal forum when it initially filed this action in state court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 19-1588 PSG (KKx); EDCV 19-1592 PSG (KKx); EDCV 19-1593 PSG (KKx); EDCV 19-1590 PSG (KKx); EDCV 19-1595 PSG (KKx); EDCV 19-1602 PSG (KKx) | Date | December 4, 2019 |
|---|---|---|---|
| Title | Romero v. Desert Regional Medical Center; Rafferty v. Desert Regional Medical Center; Miller v. Desert Regional Medical Center; Fontana v. Desert Regional Medical Center; Fernandez v. Desert Regional Medical Center; Shepherd v. Desert Regional Medical Center | | |

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motions to remand.

This order closes these cases.

**IT IS SO ORDERED.**